IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-2, CONTROLLING A COMPUTER NETWORK AND THEREBY INJURING PLAINTIFF AND ITS CUSTOMERS,<br><br>Defendants. | Civil Action No:  1:16-cv-00993 (GBL/TCB) |

**BRIEF IN SUPPORT OF MICROSOFT'S MOTION FOR AUTHORITY TO CONDUCT DISCOVERY NECESSARY TO IDENTIFY AND SERVE DOE DEFENDANTS**

Plaintiff Microsoft Corp. ("Microsoft") respectfully requests an order authorizing it to conduct limited discovery necessary to identify and to serve the Doe Defendants.

On August 5, 2016, the Court granted an emergency *ex parte* temporary restraining order ("TRO") tailored to halt the activities and the growth and operation of a malicious network of computers controlled by a group of actors known as "Strontium."  As set forth in the Court's TRO, the matter involves a network of compromised user computers infected with malware, and John Does 1-2 ("Defendants") remotely control these computers using the infrastructure targeted by the Court's TRO.  Dkt. 23.  Prior to issuance of the TRO, Defendants were using the compromised network of computers for the purposes of infecting the computers of Microsoft's customers, deceiving them by misuse of Microsoft's trademarks, and stealing computer users' online login credentials, personal information and highly sensitive and proprietary data.  This

activity has caused extreme and irreparable injury to Microsoft, its customers and the public. Dkt. 23.

At present, Microsoft is in possession of preliminary information regarding Defendants obtained from *inter alia* public sources of information provided by ISPs, registries, and other service providers whose services Defendants used. While much of such information provided in such records appears to be fictitious, Microsoft possesses information regarding email addresses, domain names, and IP addresses that Microsoft has gathered through its own investigation and from third parties that provide leads to be pursued through discovery tailored to identify Defendants.

In order to identify Defendants from information such as email addresses, domain names, and IP addresses, it will be necessary to send subpoenas to third party Internet service providers (ISPs) and hosting companies to obtain account and user information provided by Defendants in association with such email addresses, domain names, and IP addresses. For example, such service providers often maintain billing and account information identifying the purchasers and account holders of such services, and maintain IP address logs reflecting the computers from which Defendants logged into their accounts. Given that the account and user information kept by these third party internet service providers regarding Defendants is generally non-public, the service providers are not likely to provide it to Microsoft absent a subpoena.

Microsoft, accordingly, requests an order granting authority to serve limited subpoenas to third party email service providers, domain name registrars, and hosting companies, to pursue the identities of the Defendants. By the instant motion, Microsoft requests authority to conduct discovery into these sources to identify Defendants. Given the state of the information currently in Microsoft's possession, Microsoft believes that limited discovery will assist Microsoft in its endeavor to identify, name, and serve Defendants.

I.  **ARGUMENT**

Under Federal Rule of Civil Procedure 26(d), discovery may not normally begin "before the parties have conferred as required by Rule 26(f)." Because John Doe Defendants in this case are unknown to Microsoft, the conference Rule 26(f) contemplates cannot occur. This limitation on the initiation of discovery, however, can be we waived under Rule 26(d) by Court order.

Courts recognize that, in certain situations, the identity of the defendant may not be known prior to the filing of a complaint. In such circumstances, courts authorize a plaintiff to undertake discovery to identify the unknown defendants. In *In Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), the Fourth Circuit explained that, if a plaintiff states a meritorious claim against an unknown defendant, the Court should allow plaintiff to ascertain the identity of the unknown defendant through discovery. Courts in this Circuit have also recently authorized parties to conduct discovery based on computer IP addresses, in order to assist in the identification of John Doe defendants. *See Arista Records LLC v. Does* 1-14, 2008 U.S. Dist. LEXIS 102974 (W.D. Va. 2008) (granting discovery to identify John Does based on IP addresses); *Virgin Records America, Inc. v. John Doe*, 2009 U.S. Dist. LEXIS 21701 (E.D.N.C. 2009) (same).

This Court has granted John Doe discovery used to identify registrants of Internet domains supporting a botnet in a prior case. In *Microsoft v. John Does* 1-8, Case No. 1:14-cv-00811-LOG/TCB (E.D. Va. 2014), the court recognized the benefit of such discovery and ordered similar discovery so that Microsoft could investigate the identities of registrants of a number of Internet domains used to perpetuate the harmful "Shylock" Botnet. *See* Dkt. 39; *see also* Dkt. 40 in *Microsoft v. John Does* 1-27, Case No. 1:10-cv-00156 (Anderson, J.); Dkt. 30 in *Microsoft v. Piatti et al.*, Case No. 1:11-cv-1017 (E.D. Va. 2011, Cacheris. J.); Dkt. 37 in *Microsoft v. John Does* 1-18, Case No. 1:13-cv-139 (LMB/TCB) (E.D. Va. 2013). Likewise, in the instant matter, it is appropriate to grant Microsoft authority to conduct limited discovery to identify Defendants. Microsoft seek only a limited discovery period of 120 days, during which it will move forward diligently with subpoenas to third-party ISPs and webhosting companies in an

BRIEF IN SUPPORT OF MICROSOFT'S MOTION FOR LIMITED AUTHORITY TO CONDUCT DISCOVERY NECESSARY TO IDENTIFY AND SERVE DOE DEFENDANTS

3

attempt to further identify Defendants.

## II.     CONCLUSION

For the reasons set forth herein, Microsoft respectfully requests permission under Rule 26(d) to conduct such discovery for a period of 120 days, as may be necessary, to further identify and serve Defendants.

Dated: August 12, 2016    Respectfully submitted,

    ORRICK, HERRINGTON & SUTCLIFFE LLP

    /s/ Sten Jensen
    STEN JENSEN
    Va. State Bar No. 38197
    Attorney for Plaintiff Microsoft Corp.
    ORRICK, HERRINGTON SUTCLIFFE LLP
    Columbia Center
    1152 15th Street, N.W.
    Washington, D.C. 20005-1706
    Telephone: (202) 339-8400
    Fax:        (202)-339-8500
    sjensen@orrick.com

    Of counsel:

    GABRIEL M. RAMSEY (admitted *pro hac vice*)
    Attorney for Plaintiff Microsoft Corp.
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    405 Howard Street
    San Francisco, CA 94105-2669
    Telephone:  (415) 773-5700
    Fax:        (415) 773-5759
    gramsey@orrick.com

    JEFFREY L. COX (admitted *pro hac vice*)
    Attorney for Plaintiff Microsoft Corp.
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    701 Suite Seattle, WA 98104-7097
    Telephone: (206) 839-4300
    Fax:        (206) 839-4301
    jcox@orrick.com

    RICHARD DOMINGUES BOSCOVICH
    CRAIG LEE MOSES
    Attorney for Plaintiff Microsoft Corp.
    MICROSOFT CORPORATION
    One Microsoft Way
    Redmond, WA 98052-6399
    Telephone: (425) 704-0867
    Fax:        (425) 936-7329
    rbosco@microsoft.com
    crmoses@microsoft.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system.  Copies of the forgoing were also served on the defendants listed below by electronic mail:

**John Does 1-2**

| | |
|---|---|
| petkrist@myself.com | meelman@mail.com |
| k.pavuls@yahoo.com | fredmansur@mail.com |
| ottis.davis@openmailbox.org | nordelivery@gmail.com |
| luishropson@mail.com | mika.hanaluinen@mail.com |
| tatsuo.lesch@openmailbox.org | welch.ebony@openmailbox.org |
| contact@privacyprotect.org | tatsuo.lesch@openmailbox.org |
| guiromolly@mail.com | best.cameron@mail.com |
| fernando2011@post.com | bergers3008@usa.com |
| contact@privacyprotect.org | chertonaksol@mail.com |
| fisterboks@email.com | |

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Sten Jensen
STEN JENSEN
Va. State Bar No. 38197
Attorney for Plaintiff Microsoft Corp.
ORRICK, HERRINGTON SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Fax:         (202)-339-8500
sjensen@orrick.com